UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMIE M., <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, in his official capacity as Attorney General; ALEJANDRO MAYORKAS, in his official CAPACITY AS Secretary of the Department of Homeland Security; TAE D. JOHNSON, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as Director of the St. Paul Field Office of Immigrations and Customs Enforcement; and JOEL BROTT, in his official capacity as Sheriff of Sherburne County, <br><br> Respondents. | Case No. 21-CV-743 (NEB/BRT) <br><br> ORDER ON REPORT AND RECOMMENDATION |

Petitioner Jamie M. ("J.M.") is currently in the custody of the Immigration and Customs Enforcement Agency ("ICE") pending the outcome of his ongoing removal proceedings. J.M. petitioned for writ of habeas corpus seeking release from custody or a bond hearing. (ECF No. 1 ("Pet.") ¶ 47.) In a Report and Recommendation dated September 1, 2021, Magistrate Judge Becky R. Thorson recommends that this Court grant in part and deny in part J.M.'s petition and order the Immigration Judge ("IJ") to

(1) provide J.M. with a bond hearing within thirty days, (2) place the burden of proof on the government to show by clear and convincing evidence that J.M. presents a danger to the community or a flight risk, and (3) make an individualized determination about whether J.M.'s continued detention is necessary to protect against danger to the community or to prevent him from fleeing. (ECF No. 16 ("R&R") at 10–12.) Judge Thorson also recommends denying J.M.'s request for immediate release. (*Id.* at 12.) Both J.M. and the government object to the R&R. (ECF Nos. 18, 21.)

## BACKGROUND

The R&R details the facts of the case, so the Court repeats only those facts necessary for context. (R&R at 2–3.) J.M. is a native citizen of Mexico who entered the United States without authorization and whose status was later adjusted to lawful permanent resident. (Pet. ¶¶ 9–10.) In 2008, a Minnesota state court convicted J.M. of selling a controlled substance. (*Id.* ¶ 11.) J.M.'s removal proceedings began in 2019 when he was apprehended by ICE and charged with removal because of his prior conviction. (*Id.* ¶ 12.) He has been in ICE custody since December 2019—nearly two years—without a final order of removal. (ECF No. 14 ¶ 1.)

While his removal proceedings were pending, J.M. petitioned this Court for a writ of habeas corpus seeking release from custody or an order requiring a bond hearing. (Pet. ¶ 47.) J.M. argues that a bond hearing held by an IJ would violate Due Process because IJs report to Merrick Garland, the United States Attorney General, and are thus not

neutral adjudicators. (ECF No. 8 at 16.) He also asks the Court to place the burden on the government to prove he is dangerous or a flight risk. (*Id.* at 19; Pet. ¶ 47.) The R&R recommends granting in part and denying in part the petition. (R&R at 11–12.)

## ANALYSIS

Both parties make objections.[1] The government objects to the recommendation for a bond hearing and placing the burden of proof on the government at such a hearing. (ECF No. 18 ("Gov't Obj.") at 2.) J.M. objects to the R&R's determination that a bond hearing should be in front of an IJ and asks the Court to release him immediately. (ECF No. 21 ("Pet's Obj.") at 8, 12.)[2] The Court has reviewed the portions of the R&R which the parties do not object to *de novo* and adopts those recommendations. The Court also reviews the portions of the R&R which the parties object to *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

---

[1] The government asks this Court to disregard J.M.'s objections because they were untimely. (ECF No. 22 at 2–4.) The Court will consider the objections although they are untimely because J.M. is pro se, because the government did not give J.M. notice of their objections, and because the objections came as part of a response to the government's objections, which the Court gave J.M. an extension to file. *See Grant v. Cent. Intelligence Agency*, No. 19-CV-2931 (ECT/HB), 2020 WL 759950, *1 (D. Minn. Feb. 14, 2020) (considering pro se litigant's untimely objections to an R&R).

[2] J.M. also objects to Judge Thorson's recommendation that the burden of proof be placed on him, but Judge Thorson did not make that recommendation. (Pet's Obj. at 10; R&R at 12.) Judge Thorson and this Court both place the burden on the government.

I. **Bond Hearing**

The Due Process clause entitles noncitizens[3] to "due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citation omitted); U.S. Const. amend. V. Mandatory detention under 8 U.S.C. Section 1226(c) does not violate a criminal noncitizen's due process rights during the "brief period necessary" for removal proceedings. *Demore*, 538 U.S. at 513. But when the period of detention under Section 1226(c) is no longer "brief," a detainee's due process rights are implicated. *Bolus A.D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 960–61 (D. Minn. 2019) (citing *Demore*, 538 U.S. at 513); *see Abdirizak Mohamed A. v. Brott*, No. 18-CV-3063 (ECT/HB), 2020 WL 1062913, at *3 (D. Minn. Mar. 5, 2020) (noting that *Demore*'s holding that mandatory detention under § 1226(c) is facially constitutional cannot be separated from its "repeated, obvious references to the 'brief' and 'very limited' duration of most § 1226(c) detentions").

The government argues that Section 1226(c) precludes a bond hearing and that Judge Thorson improperly applied the *Muse*[4] factors to analyzing whether a bond hearing was necessary. (Gov't Obj. at 2–3.) According to the government, the Court should not use the *Muse* factors at all, but instead should assess whether J.M.'s detention without a

---

[3] Section 1226 uses the term "alien," defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

[4] *Muse v. Sessions*, 409 F. Supp. 3d 707 (D. Minn. 2018).

4

bond hearing has become "unreasonable, unjustified, or arbitrary" in light of Section 1226(c). (*Id.* at 3.)

In support of its contention, the government correctly notes that the Supreme Court has held that Section 1226(c) does not require periodic bond hearings. *Jennings v. Rodriguez*, 138 S. Ct. 830, 847–48 (2018). But *Jennings* does not hold that a Section 1226(c) detention "cannot ever be long enough to raise due process concerns or that the length of a detention is irrelevant to a due process challenge."[5] *Brott*, 2020 WL 1062913, at *3. Courts in this district resolve due process challenges to Section 1226(c) detention by closely examining the facts of the case to determine whether the detention is reasonable using the *Muse* multi-factor test. *Brott*, 2020 WL 1062913, at *3 (collecting cases).

The government asks this Court to abandon the *Muse* factors because they were based on a First Circuit case that has since been withdrawn. (Gov't Obj. at 3 (citing *Reid v. Donelan*, No. 14-1270, 2018 WL 4000993 (1st Cir. May 11, 2018)).) When the First Circuit withdrew its opinion after *Jennings*, it affirmed the district court's determination that the named petitioner's detention was unreasonable. *Reid*, 2018 WL 4000993, at *1. In the withdrawn decision, the First Circuit analyzed the reasonableness of the named

---

[5] The *Jennings* court even explained that "[b]ecause the Court of Appeals erroneously concluded that periodic bond hearings are required under the immigration provisions at issue here, it had no occasion to consider respondents' constitutional arguments on their merits. Consistent with [the Supreme Court's] role as 'a court of review, not of first view,' we do not reach those arguments." 138 S. Ct. at 851 (citing *Cutter v. Wilkinson*, 544 U.S. 709, 718, n.7 (2005).).

petitioner's detention using some of the *Muse* factors. *Reid v. Donelan*, 819 F.3d 486, 501 (1st Cir. 2016). So, although the First Circuit withdrew the opinion, it maintained its ruling on the part of the opinion using a six-factor analysis to evaluate whether a detention under Section 1226(c) is reasonable. *Compare Reid*, 2018 WL 4000993 at *1, *with Reid*, 819 F.3d at 501.

Instead of the six-factor *Muse* analysis,[6] the government asks the Court to evaluate whether the procedures are "unreasonable, unjustified, or arbitrary"[7] considering Section 1226(c). (Gov't Obj. at 3.) But the *Muse* factors guide courts "in identifying the point at which continued detention becomes unreasonable." *Muse*, 409 F. Supp. 3d at 715 (quotation marks and citation omitted). The government offers no reason the factors are inadequate for this purpose, so the Court will not depart from this District's practice of applying the *Muse* factors.

The government objects to Judge Thorson's application of two *Muse* factors: (factor 2) likely duration of future detention and (factor 6) likelihood that removal

---

[6] As the Magistrate Judge explained, the six *Muse* factors are:
> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

(R&R at 5 (citing *Muse*, 409 F. Supp. 3d at 715).)

[7] The Court does not address whether J.M.'s detention is unjustified or arbitrary because it finds that detention without a bond hearing is unreasonable.

6

proceedings will result in a final order of removal. *First*, the government argues that future detention should be short because briefing on the government's appeal to the BIA has been completed since October 2020. (Gov't Obj. at 7–8.) It has now been over a year and the BIA still has not issued a decision, so the Court cannot countenance this argument. The "likely duration of future detention" does not weigh in favor of either party.

*Second*, the government argues that J.M. acknowledges he is removable and so Judge Thorson erred by determining the "likelihood that the proceedings will result in a final order of removal" is neutral. (R&R at 8.) This was not error. As the government acknowledges, J.M. might not be removed even though he is removable. (Gov't Obj. at 6 (explaining that J.M.'s ongoing proceedings are to determine whether the IJ erred in determining that he is entitled to deferral of removal).) So the likelihood that proceedings will result in a final order of removal is not known and this factor is also neutral. For these reasons, the government must conduct a bond hearing for J.M.

**II.     Burden of Proof**

As this Court explained in *Omar. M v. Garland*, neither the Supreme Court nor the Eighth Circuit have squarely addressed which party bears the burden of proof in a bond hearing for a noncitizen detained under Section 1226(c). No. 20-CV-1784 (NEB/BRT), 2021 WL 3442337 (D. Minn. Mar. 29, 2021). Until *Omar M.*, courts in this District had declined to decide the burden-of-proof issue. In *Omar M.*, this Court placed the burden of proof

on the government to justify its request for continued detention by clear and convincing evidence. *Id.* at *5–6. Though this Court acknowledged that Section 1226(c) might require the detainee to bear the burden of proof, it explained that doing so violates a detainee's due process rights and so "statutory interpretation must give way to constitutional analysis."[8] *Id.* at *6 (citing *Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. 2018).)

The government asks this Court to change course because the R&R did not address the factors for evaluating due process from *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). (Gov't Obj. at 11.) *Matthews* directs courts evaluating whether a procedural framework affords due process to assess three factors: (1) the nature of the private interest; (2) the risk of an erroneous deprivation through the procedures used compared to the efficacy of any substitute procedures; and (3) the government's interest, including the burdens of any additional procedures. 424 U.S. at 335.

Though this Court did not cite *Matthews* in *Omar M.*, it did balance the government's interest against the petitioner's as required by *Matthews*. This Court determined that "[p]lacing the burden on the government . . . avoids the exercise in futility" that came from courts directing IJ's to establish the burden of proof. *Omar M.*, 2021 WL 3442337, at *6. It also noted "the paramount importance" of the liberty interest

---

[8] Because statutory interpretation must give way to constitutional analysis, the government's argument that its interpretations are entitled to deference is unavailing. (Gov't Obj. at 12–13.)

8

involved and determined that "subjecting the government to a heightened burden of proof strikes an appropriate balance between that individual interest and the government's interest in protecting the community and effective removal procedures." *Id.* (citation omitted). Because this Court considered the *Matthews* analysis in *Omar M.*, *Matthews* is not a reason to change course.

The government also argues that the Eighth Circuit's decision in *Mohamed v. Gonzales* affirmed the adequacy of the administrative process. (Gov't Obj. at 11 (citing 477 F.3d 522 (8th Cir. 2007).) But as in *Pedro O. v. Garland*, "*Mohamed* does not have anything to say about the issues in this case." No. 20-CV-2568 (ECT/KMM), 2021 WL 3046799, at *8 (D. Minn. June 14, 2021). *Mohamed* considered a noncitizen's challenge to the REAL ID Act provision that eliminated the availability of habeas corpus and required an appeals court to limit its review to the administrative record. 477 F.3d at 525–26. The petitioner argued those provisions violated the Suspension Clause of the Constitution by leaving no adequate remedy to challenge his detention. *Id.* at 526. The Eighth Circuit held the remedy in the REAL ID Act was an adequate alternative. *Id*. *Mohamed* did not address the procedures at issue here. So there is no logical inconsistency between the bond procedures under Section 1226(a) and the REAL ID statute; they are different statutes with different procedures and must be considered independently.

Finally, the government says that addressing the burden of proof before a bond hearing is premature because J.M. has not shown a deprivation of due process.⁹ Several courts in this district have considered the argument before and concluded that "federal courts are best equipped to resolve questions of this nature." *Marco A.C.-P. v. Garland*, No. 20-CV-1698 (JRT/TNL), 2021 WL 1976132, at *5 (D. Minn. May 18, 2021), *accord Pedro O.*, 2021 WL 3046799, at *5; *see also Omar M.*, 2021 WL 3442337, at *4–7 (addressing the burden after a petitioner had a first bond hearing). This Court has found that requiring a petitioner to raise burden-of-proof arguments before the IJ is "an exercise in futility" because the IJs consider themselves bound by regulations to the contrary absent a district court order. *Omar M.*, 2021 WL 3442337, at *6; *see Pedro O.*, 2021 WL 3046799, at *5 (same). And, in this context the Court is merely "fashioning the appropriate constitutional remedy for an injury that has already occurred—namely, an unconstitutionally prolonged, bond-hearing-less detention." *Pedro O.*, 2021 WL 3046799, at *5.

### III.     Neutral Adjudicator

J.M. argues that IJs cannot be neutral adjudicators because they are "an employee, former counsel and delegate of the parties seeking to deprive him of his freedom." (Pet's Obj. at 7.) For a removal hearing to meet due process requirements, the arbiter presiding

---

⁹ The government also disputes the R&R's consideration of the length of detention as a justification for the burden of proof. (Gov't Obj. at 12.) The R&R only considered length of detention in this context to conclude this case is like *Pedro O.*, which it is. (R&R at 9–10.)

10

must be neutral. *Tun v. Gonzales*, 485 F.3d 1014, 1025 (8th Cir. 2007). When a petitioner shows specific conduct by an IJ that shows bias, their due process rights have been infringed. *See, e.g., Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005) (finding a due process violation where an IJ appeared to have pre-decided a case and refused "to hear relevant testimony because of a prejudgment about the witness's 'credibility [and] the probative value of [the witness's] testimony'") (citation omitted); *accord Tun*, 485 F.3d at 1025. Here, J.M. makes no such specific showing, and he does not argue prejudice. (Pet's Obj. at 7–8.) In addition, as a general matter, IJs are neutral adjudicators because they work independently under the supervision of a Chief Immigration Judge with no authority to direct the course of adjudication.[10] *See Ali v. Brott*, 770 F. App'x 298, 301 (8th Cir. 2019) ("The Supreme Court has never indicated the [immigration] bond hearing process set forth in the statute and accompanying regulations is constitutionally deficient."). J.M. does not raise any specific impropriety in his proceeding and an IJ is generally a neutral arbiter, so the Court cannot conclude that a future bond hearing before an IJ will not afford him due process.

---

[10] This result is consistent with another case from this district denying a petitioner's request for the district court to hold a bond hearing rather than the IJ. *See Tua Mene Lebie B. v. Barr*, No. 19-CV-2177 (JNE/HB), 2019 WL 5747817, *6 (D. Minn. Sept. 18, 2019) ("Because Petitioner has never had a bond hearing, the appropriate remedy is to order the agency detaining him to hold a bond hearing in the very near future."), *report and recommendation adopted*, 2019 WL 5715703 (D. Minn. Nov. 5, 2019).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, it is hereby ORDERED that:

1. The Respondents' Objection (ECF No. 18) is OVERRULED;

2. The Petitioner's Objection (ECF No. 21) is OVERRULED;

3. The Report and Recommendation (ECF No. 16) is ACCEPTED;

4. The petition for a writ of habeas corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART:

    a. An Immigration Judge is ORDERED to provide Jamie M. with a bond hearing within thirty (30) days, at which the government will bear the burden to prove by clear and convincing evidence that Jaime M. presents a danger to the community or a flight risk.

    b. The Immigration Judge is ORDERED to make an individualized determination whether Jamie M.'s continued detention is necessary to protect against danger to the community or to prevent Jamie M. from fleeing; and;

    c. At the hearing, the Immigration Judge is ORDERED to place the burden of proof on the government and detention should only be continued if the government meets its burden with clear and convincing evidence;

      d.    Petitioner's request for immediate release is DENIED;

5.    Petitioner's "Instant Motion for Temporary Restraining Order or in the Alternative Release on Bond" (ECF No. 12) is DENIED; and

6.    Petitioner's "Instant Motion for Emergency Review, Ruling, and Decision" (ECF No. 13) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 29, 2021                        BY THE COURT:

                                                          s/Nancy E. Brasel
                                                          Nancy E. Brasel
                                                          United States District Judge